Opinion filed October 26, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed October 26, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00120-CV 

                                                    __________

 

             2920 PARK GROVE JOINT VENTURE, LTD., CARY PLATT, 

                                     AND
CEC REALTY, Appellants

 

                                                             V.

 

               LANDAMERICA
AMERICAN TITLE COMPANY, Appellee

 



 

                                        On
Appeal from the 162nd District Court

 

                                                          Dallas
County, Texas

 

                                                Trial
Court Cause No. 05-00286-I

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








This is an appeal from a take-nothing summary
judgment.  Appellants, 2920 Park Grove
Joint Venture, Ltd., Cary Platt, and CEC Realty (referred to collectively as
the purchasers), were originally sued by Stanley V. Graff over the sale of an
apartment complex.  Graff, the sole
beneficiary of the estate that owned the apartment complex, objected to the
sale.  The sale, as authorized by the
estate=s
independent executor, nevertheless proceeded. 
After Graff filed suit against the purchasers, the purchasers then
brought a third-party action against LandAmerica American Title Company
(American Title) and others who are not parties to this appeal.  American Title filed a motion for summary
judgment.  The trial court granted American
Title=s motion,
ordered that the purchasers take nothing on their claims against American
Title, and severed these claims from the case.[1]  We affirm. 


In their sole issue on appeal, the purchasers
contend that the trial court erred in granting American Title=s motion for summary judgment with
respect to the claims for negligence, negligent misrepresentation, and
promissory estoppel.  As to these claims,
American Title asserted both traditional and no-evidence grounds in its motion
for summary judgment.  Because the
no-evidence grounds are dispositive of the appeal, we will address only those
grounds. 

We must review a no‑evidence summary
judgment under the same standard as a directed verdict.  King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 750‑51 (Tex. 2003). 
Accordingly, we examine the record in the light most favorable to the
nonmovant and disregard all contrary evidence and inferences.  Id.; Wal‑Mart Stores, Inc. v.
Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002). 
A trial court must grant a proper no-evidence motion for summary
judgment unless the nonmovant produces more than a scintilla of probative
evidence to raise a genuine issue of material fact.  Tex.
R. Civ. P. 166a(i); Wal‑Mart, 92 S.W.3d at 506.








In its motion for summary judgment, American Title
asserted that there was no evidence of duty, no evidence of a
misrepresentation, and no evidence of a promise.  In their response, the purchasers asserted
that their claims for Anegligence/negligent
misrepresentation and promissory estoppel@
stem from a letter sent to the purchasers by Debby Moore, an escrow agent for
American Title.  American Title acted as
the issuing agent for the title insurance underwriter, Chicago Title Insurance
Company.  Moore wrote the letter to an
officer of Chicago Title as a follow-up to their conversation.  In the letter, Moore set out the background
regarding the sale of the apartment complex and Graff=s
involvement and threats to sue Aeveryone@ involved.  The letter states that the will does not
specifically grant to the independent executor the power of sale.  Moore also set out the basis for Graff=s suit and some of the debts of the
estate.  The part of the letter upon
which the purchasers=
claims are based is the following statement: AIt
is the belief of the probate attorney, Rock Pletcher and the real estate
attorney, Paul Pesik that under the Probate Code, the Independent Executor does
have power of sale in order to settle the estate.@  The letter was created for Afile@
purposes, but Moore sent a copy to the purchasers. 

Nothing in the purchasers=
response to American Title=s
motion for summary judgment raised a genuine issue of fact regarding their
claims for negligence, negligent misrepresentation, or promissory
estoppel.  With respect to duty, the
purchasers asserted that title insurance companies may be liable for torts,
such as fraud in misrepresenting the state of the title and negligent
misrepresentation.  The purchasers did
not assert that American Title had an affirmative duty to Amake sure clean title passed.@[2]  Rather, the purchasers claimed that American
Title Amade
affirmative misrepresentations and/or promises to them@
when Moore communicated that the independent executor possessed the authority
to sell the apartments.

The purchasers=
contentions are misguided.  Moore did not
state that the executor possessed the authority to sell the apartments.  The letter does not contain any false
statements, misrepresentations, or promises regarding the executor=s authority to sell; it merely conveys
the opinions or Abelief[s]@ of two attorneys.  Such opinions are not actionable.  See Douglas v. Delp, 987 S.W.2d 879,
885-86 (Tex. 1999).  

The record contains no summary judgment evidence
creating an issue of fact as to the elements of the existence of a duty, a
false representation, or a promise. 
Consequently, the trial court did not err in granting American Title=s motion for summary judgment.  The sole issue on appeal is overruled.  

The judgment of the trial court is affirmed.  

 

 

JIM R. WRIGHT

October
26, 2006                                                                    CHIEF
JUSTICE

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J. 











[1]Although the parties have suggested that this appeal
could become moot if a final, take-nothing judgment in favor of the purchasers
against Graff is rendered in the original cause of action, there is nothing in
the record in our court to suggest that this has occurred.  The original cause of action is not before
this court, and the parties do not challenge the propriety of the severance.





[2]We note that a title insurance company is not a title
abstractor and owes no duty to examine title and that the only affirmative duty
a title insurance company has to its insured is to indemnify him against loss
suffered by defects in title, not to point out any outstanding
encumbrances.  Martinka v.
Commonwealth Land Title Ins. Co., 836 S.W.2d 773, 777 (Tex. App.C Houston [1st Dist.] 1992, writ denied); see
Tamburine v. Center Sav. Ass=n, 583 S.W.2d 942, 947 (Tex. Civ. App.CTyler 1979, writ ref'd n.r.e.).  A title insurer may, however, be held liable
for an affirmative representation regarding title that causes damages to an
insured.  See First Title Co. of Waco
v. Garrett, 860 S.W.2d 74, 77 (Tex. 1993) (where the court held that an
insurer=s affirmative representation in its title insurance
commitment that there were no restrictive covenants of record was sufficient to
subject the insurer to liability).